**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| THE REINALT-THOMAS CORPORATION, d/b/a Discount Tire, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:25-cv-02767-TLP-cgc |
| v. | ) ) | JURY DEMAND |
| SHELBY DISCOUNT TIRES & AUTO, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiff The Reinalt-Thomas Corporation ("Discount Tire") sued Defendant Shelby

Discount Tires & Auto, Inc. ("SDTA") under the Lanham Act, common law trademark

infringement, and for violating the Tennessee Consumer Protection Act ("TCPA"). (ECF No. 1.)

Discount Tire served SDTA with process in August 2025. (ECF No. 19.) To date, SDTA has

never answered the Complaint or appeared in this lawsuit. So on Discount Tire's motion, the

Clerk of Court entered default. (ECF Nos. 21–22.) Discount Tire now moves for default

judgment under Rule 55 of the Federal Rules of Civil Procedure. (ECF No. 23.) Having

reviewed the record and for the reasons below, the Court **GRANTS** Discount Tire's motion for

default judgment.

**BACKGROUND**

Discount Tire is the largest independent retailer of tires and wheels in the United States.

(ECF No 1 at PageID 1.) It has been in operation since 1960. (*Id.*) It registered the word mark

"DISCOUNT TIRE" with the United States Patent and Trademark Office ("USPTO") in 2014,

1

after using it since 1970.  (*Id.* at PageID 9 (U.S. Reg. No. 4,639,389).)  Discount Tire registered

its well-known logo in 1985, after first using it in 1975.  (*Id.* at PageID 8.)  In 2008, the logo

took on its current form.



(*Id.* (U.S. Reg. No. 1,319,968).)

In 2023, after Discount Tire had been selling tires and wheels in Tennessee for nearly two

decades, SDTA opened a store in Memphis called "Shelby Discount Tire & Auto."  (*Id.* at

PageID 10.)  SDTA sells and services tires and wheels.  (*Id.*)  It has a large red sign on its

storefront that shows the store's name in yellow block letters.[1]



(*Id.* at PageID 11.)  Discount Tire claims that it never permitted SDTA to use its marks.  (*Id.* at

PageID 2, 12.)  And Discount Tire operates five stores within ten miles of SDTA's location.

(*Id.*)  On that basis, Discount Tire sent SDTA three letters explaining the alleged infringement

and demanding that SDTA stop all use of Discount Tire's marks.  (*Id.* at PageID 12–13.)

---

[1] The Court notes that, according to Google Maps street view, which was last updated in November 2025, the sign on SDTA's storefront now says, "Shelby Budget Tire & Auto." *Shelby Discount Tires & Auto*, Google Maps, https://tinyurl.com/4utwuxpz (last visited Mar. 31, 2026).

Discount Tire attached a draft of its Complaint to the third letter.  (*Id.* at PageID 12.)  SDTA called Discount Tire after the third letter but refused to stop using Discount Tire's marks.  (*Id.* at PageID 13.)

Discount Tire then sued SDTA bringing Lanham Act claims, a common law trademark infringement claim, and a TCPA claim.  (*Id.* at PageID 13–17 (citing 15 U.S.C. §§ 1114, 1125; Tenn. Code. Ann. § 47-18-101 *et seq.*).)  All these claims boil down to the allegation that SDTA willingly and without authorization used Discount Tire's marks, which will likely cause confusion about the source of SDTA's goods and services and create a false impression that the Parties are associated.  Discount Tire claims that SDTA is irreparably harming them and injuring the public.  (*Id.* at PageID 17.)  It seeks a permanent injunction that would stop SDTA from using or registering Discount Tire's marks or any variation of them, including the phrase "Shelby Discount Tire & Auto."  (*Id.* at PageID 18–19.)  It also asks the Court to enjoin SDTA from advertising any connection between the Parties or conveying that its goods and services originate from Discount Tire.  (*Id.*)  Discount Tire also seeks attorneys' fees under the Lanham Act.[2]  (*Id.* at PageID 19.)

## **LEGAL STANDARD**

Fed. R. Civ. P. 55 governs the entry of default judgments.  That rule says that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a). And when the plaintiff's claims are for an uncertain sum, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).  After the Clerk has

---

[2] Discount Tire requested damages in its Complaint but dropped that request in its Motion for Default Judgment. (*Compare id.* at PageID 19 *with* ECF No. 23-1.)  The Court interprets this to mean that Discount Tire is no longer seeking damages.

already entered a default against a defendant, the Court can accept as true the well-pleaded allegations in the complaint to establish liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995).

## ANALYSIS

The Court begins by assessing whether SDTA is liable as Discount Tire alleges. It will then determine whether Discount Tire is entitled to an injunction. And it lastly evaluates whether Discount Tire should be awarded attorneys' fees.

### I.      Liability

Discount Tire brings claims for trademark infringement and unfair competition under the Lanham Act, common law trademark infringement, and violation of the TCPA. (ECF No. 1.) All these claims have the same elements. *General Conf. Corp. of Seventh-Day Adventists v. McGill*, 624 F. Supp. 2d 883, 891 (W.D. Tenn. 2008) ("[C]ommon law infringement claims are analyzed under the same standards as federal claims."); *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citation omitted) ("[W]e use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks."); *Moore v. Weinstein Co., LLC*, 545 F. App'x 405, 412 (6th Cir. 2013) ("[The] analysis that applies to the federal Lanham Act claims also applies to the state claims of unfair competition under . . . the Tennessee Consumer Protection Act.")

For each claim, "a plaintiff must allege that (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion or mistake." *Neal Techs., Inc. v. Mike's Bulletproof Diesel*, No. 21-cv-01023, 2021 WL 1082536, at *1 (W.D. Tenn. Mar. 18, 2021) (citing *Oaklawn Jockey Club, Inc. v. Kentucky Downs*, LLC, 687 F. App'x 429, 431 (6th Cir. 2017)). SDTA's conduct must also have been willful, meaning that it "had

4

knowledge that its actions constitute an infringement." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (quoting *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 852 (E.D. Mich. 2006)).

The Court agrees with Discount Tire that it has met all the elements. Accepting Discount Tire's factual allegations as true, as the Court must, it owns the trademarks for "DISCOUNT TIRE" as well as their logo. (ECF No. 1 at PageID 8–9;) *see also Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, 391 F. Supp. 3d 1261, 1274, 1282 (N.D. Ga. 2019). Discount Tire has not permitted SDTA to use its marks. (*Id.* at PageID 12.) Because SDTA offers the same goods and services in the same geographic area as Discount Tire under a name that incorporates Discount Tire's trademarked name, the Court finds that SDTA's use of Discount Tire's marks is likely to cause confusion. (*Id.* at PageID 10–13;) *Induct–O– Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 363–64 (6th Cir. 1984) (holding that descriptive elements should be removed from marks prior to analyzing the similarity of the marks); *Alyn v. S. Land Co., LLC*, No. 15–cv– 00596, 2016 WL 7451546, at *10 (M.D. Tenn. Dec. 28, 2016) ("'Westhaven Franklin' is similarly just the WESTHAVEN word mark with a geographic modifier. This factor strongly favors finding a likelihood of confusion."); *Neal Techs., Inc. v. Mike's Bulletproof Diesel*, No. 21-cv-01023, 2021 WL 1082536, at *1 (W.D. Tenn. Mar. 18, 2021) (quoting *Little Caesar Enter., Inc. v. Miramar Quick Serv. Restaurant Corp.*, No. 19-cv-1860, 2020 WL 4516289, at *3 (6th Cir. June 25, 2020)) ("[P]roof of continued, unauthorized use of an original trademark by one who had no license to use the trademark is sufficient to establish 'likelihood of confusion.'"). The Court further finds that SDTA's addition of the geographic modifier "Shelby" and the descriptive term "& Auto" are not enough to defeat the Court's finding of a likelihood of confusion here.

5

The Court also concludes that SDTA's conduct was willful. "Under the Lanham Act, infringement is willful . . . if the defendant 'had knowledge that its actions constitute an infringement.'" *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (quoting *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 852 (E.D. Mich. 2006)). And "a defendant's continued infringement after notice of his wrongdoing is probative evidence of willfulness." *Id.* Also, "a court may infer willfulness from defendant's default." *Id.*

Discount Tire sent SDTA three letters and spoke with its owner on the phone about its infringement and asking that it stop using Discount Tire's marks. (ECF No. 1 at PageID 12–13.) SDTA refused. It operates its store within ten miles of five Discount Tire stores. (*Id.* at PageID 11.) And SDTA then defaulted here. All these facts support the Court's conclusion that SDTA willfully used Discount Tire's marks without authorization. The Court finds therefore that Discount Tire has properly pleaded all of its claims.

## II.    Injunctive Relief

To remedy the above violations, Discount Tire seeks a permanent injunction. To receive an injunction, a plaintiff must show "[1] it has suffered irreparable injury, [2] there is no adequate remedy at law, [3] that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and [4] that it is in the public's interest to issue the injunction." *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (internal quotation marks omitted).

Discount Tire alleges irreparable reputational harm because of the confusion from SDTA's misuse of their marks. (*See, e.g.*, ECF No. 1 at PageID 13–14.) The Court agrees because "[c]alculating reputational damage and lost sales is inherently difficult, if not impossible, and therefore constitutes irreparable harm and establishes the inadequacy of

6

monetary damages." *Sprint Sols., Inc. v. Lafayette*, No. 15-cv-2595, 2018 WL 3097027, at \*13 (W.D. Tenn. June 22, 2018). The Court also finds that there is no adequate remedy at law for Discount Tire.

SDTA is still infringing Discount Tire's marks. And its default here suggests that it will not stop without an injunction. See *id.* at \*14 ("Defendants' scheme is ongoing. Their failure to appear suggests that their wrongful conduct will not cease absent a permanent injunction. There is no adequate remedy at law where there is a potential future harm from infringement."). The balance of equities weighs in Discount Tire's favor. Discount Tire faces irreparable injury while an injunction would merely require SDTA to comply with the law. *Id*. (citing *Am. Auto. Ass'n v. AAA Recovery & Towing, LLC*, No. 15-cv-00211, 2017 WL 1207592, at \*2 (E.D. Tenn. Mar. 31, 2017)). Lastly, an injunction here would prevent consumer confusion and deception in the marketplace, advancing the public's interests. *Id.* ("would advance the purposes of trademark law by preventing consumer confusion and deception in the marketplace and by protecting Plaintiff['s] property interests in the").

On balance, the Court concludes that SDTA's use of Discount Tire's marks requires an injunction. The Court therefore **GRANTS** Discount Tires' Motion for Default Judgment for a permanent injunction. The Court further **ORDERS** Discount Tires to provide service of this Order on SDTA via hand delivery with proof of delivery and by mail via Federal Express.

SDTA is hereby permanently **ENJOINED** from using the DISCOUNT TIRE marks, including "Shelby Discount Tire & Auto" and any other copy or similar variation; from engaging in any action suggesting that any good or service advertised or sold by Defendant originates from or is or connected with Plaintiff; and from registering or using any domain name that incorporates the letter string "discounttire" or any common variations or misspellings. The Court

**ORDERS** SDTA to file with the Court a written report under oath that details how it has

complied with the injunction within thirty days of service of the injunction and judgment on

SDTA. The Court also **ORDERS** SDTA to serve that report on Discount Tire.

### III.   Attorneys' Fees

Plaintiff also seeks attorneys' fees. Generally, each party pays its own fees under the

American rule. *State v. U.S.*, 986 F.3d 618, 631 (6th Cir. 2021) ("And the American Rule

dictates that absent statute or enforceable contract, litigants pay their own attorneys' fees.")

(internal quotation marks omitted). But under the Lanham Act, the Court may award reasonable

attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). Whether the

case is exceptional is a case-by-case determination based on the totality of the circumstances.

See *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "[A]n

exceptional case is simply one that stands out from others with respect to the substantive strength

of a party's litigating position (considering both the governing law and the facts of the case) or

the unreasonable manner in which the case was litigated." *Evoqua Water Techs., LLC v. M.W.*

*Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019) (internal quotation marks omitted). Courts

in the Sixth Circuit have found cases to be exceptional when the defendant had notice of the

infringement and refused to stop using the mark or respond to the resulting lawsuit. *Noco Co. v.*

*Mac Calabur Invs., LLC*, No. 21-cv-2173, 2022 WL 2176540, at *5 (N.D. Ohio June 16, 2022);

*CARSTAR Franchisor SPV LLC v. Collision Express of Ohio Inc.*, No. 19-cv-3282, 2020 WL

1956988, at *1 (S.D. Ohio Apr. 22, 2020); *Systematic Power Sols., LLC v. Fullriver Battery*

*Manufacture Co., LTD.*, No. 19-cv-277, 2023 WL 6518861, at *23 (E.D. Tenn. Aug. 18, 2023),

*report and recommendation adopted*, No. 19-cv-277, 2023 WL 5938187 (E.D. Tenn. Sept. 12,

2023).

The Court finds that this case is like the cases cited above. Discount Tire sent three letters to SDTA, telling it that it was infringing on Discount Tire's marks. It also spoke with SDTA's owner over the phone, and he refused to stop infringing Discount Tire's marks. That the photograph on Google Maps suggests that SDTA has changed the sign on its building does not change this Court's view. SDTA is still listed as "Shelby Discount Tires & Auto" on the internet and with the Tennessee Secretary of State. *See Business Entity Search*, "Shelby Discount Tires & Auto" https://tncab.tnsos.gov/business-entity-search (last visited Apr. 1, 2026.). SDTA has not changed its name or defended its actions here while it knew that it was infringing Discount Tire's marks. And so Discount Tire is the prevailing party here, and this case is exceptional. Discount Tire is therefore entitled to attorneys' fees.

The Federal Rules require that claims for attorneys' fees and related expenses be made by motion. Fed. R. Civ. P. 54(d)(2)(A). Discount Tire must therefore timely move for attorney fees and costs under Local Rule 54.1(b). *See* L.R. 54.1(b).

### CONCLUSION

For the above reasons, the Court **GRANTS** Discount Tire's Motion for Default Judgment. It **ENJOINS** SDTA from using the DISCOUNT TIRE marks, including "Shelby Discount Tire & Auto" and any other copy or similar variation; from engaging in any action suggesting that any good or service advertised or sold by Defendant originates from or is or connected with Plaintiff; and from registering or using any domain name that incorporates the letter string "discounttire" or any common variations or misspellings. The Court **ORDERS** SDTA to file with the Court a written report under oath that details how it has complied with the injunction within thirty days of service of the injunction and judgment on SDTA. It also

9

**ORDERS** SDTA to serve that report on Discount Tire.  Discount Tire may seek attorneys' fees

by separate motion.

      **SO ORDERED**, this 8th day of April, 2026.

                        s/Thomas L. Parker
                        THOMAS L. PARKER
                        UNITED STATES DISTRICT JUDGE